*********** *Page 2 
The Full Commission has reviewed Defendant's policies and procedures manual concerning access to information contained within inmate records, the March 2, 2009 Order of the Deputy Commissioner, the record of the proceedings before the Deputy Commissioner, and the assignments of error and/or briefs before the Full Commission. The appealing party has not shown good grounds to receive further evidence, to rehear the parties or their representatives, or to amend the Deputy Commissioner's Order. Accordingly, the Full Commission affirms and adopts the Deputy Commissioner's Order, with some modifications, and enters the following Order:
The Full Commission finds and concludes that on July 28, 2008, Plaintiff, a prison inmate, filed an Affidavit under the North Carolina Tort Claims Act alleging that Defendant's employee, Officer Barker, at Lanesboro Correctional Center was negligent in remotely opening Plaintiff's prison cell door on June 13, 2007, at which time another employee of Defendant, Officer Gaddy, was standing outside of the cell door and attacked Plaintiff, thereby causing him serious personal injuries. On August 12, 2008, Defendant filed a Motion to Dismiss and Answer, and on November 14, 2008, former Special Deputy Commissioner Donna Taylor denied Defendant's Motion.
On March 2, 2009, Deputy Commissioner Harris filed an Order compelling Defendant to produce copies of certain prison records in advance of the evidentiary hearing, and in response to discovery requests previously made by Plaintiff. Specifically, Plaintiff sought discovery of the following documents for inspection:
 1. Any and all documents that refer to, mention, or construe polices on staff supervision of control status inmates at Lanesboro Correctional Center; *Page 3 
 2. Any and all documents that contain, mention, construe, or refer to responses to assaults at Lanesboro Correctional Center;
 3. Any and all documents that evidence, mention, or refer to an assault on Plaintiff by Officer Gaddy on June 13, 2007, including, but not limited to any and all medical records, incident reports, statements, and all investigative materials, tapes, and documents relating to subsequent inmate and staff discipline, if any;
 4. The complete contents of Plaintiff's prison files, including any and all disciplinary reports, incident reports, evaluations, criminal justice information, and medical/mental health records;
 5. The complete contents of the personnel files of Officer Barker and Officer Gaddy, including, but not limited to any and all disciplinary reports, incident reports, evaluations, and criminal justice information;
 6. Any and all documents that evidence, mention, or refer to incidents of officer-on-inmate assaults at Lanesboro Correctional Center or the Anson Unit, including, but not limited to identification of the control booth officer during the incident in question.
Defendant asserted a privilege over all inmate prison records on the basis of Goble v. Bounds, 28l N.C. 307, 188 S.E.2d 347 (1972). Defendant also asserted a privilege over all personnel records of its employees, citing25 NCAC 01C.0304 of the North Carolina Administrative Code.
Based upon the foregoing, the Full Commission concludes that Defendant is not entitled to assert an absolute privilege over inmate prison records, even under the applicable provisions *Page 4 
of Defendant's own policies and procedures manual, as such records are subject to disclosure by court order. Because Defendant did not raise any individual, particularized security concerns regarding any of the materials requested by Plaintiff, no good reason exists for Defendant to preclude Plaintiff from obtaining such documents in discovery. The documents requested by Plaintiff would not, by their very nature, pose such a threat to the security of any prison facility. Defendant may seek a protective order concerning use of the documents requested.
The Full Commission further concludes that Plaintiff is entitled to the production and/or inspection of any and all incident and/or investigative reports, witness statements, grievance documentation, and/or medical/mental health records which are in Defendant's possession pertaining to Plaintiff's claim, and which would assist Plaintiff in the prosecution of his claim before the Industrial Commission.
For good cause shown, it is ORDERED that Defendant shall produce for Plaintiff's inspection the following documents relevant to Plaintiff's claim: (1) any and all incident reports prepared by Defendant arising from the incident alleged in Plaintiff's Affidavit; (2) any and all investigatory reports arising from the same; (3) any and all written witness statements prepared during the investigation of the same; (4) any and all grievance and/or administrative remedy responses pertaining to the same; and (5) any and all records in Defendant's possession pertaining to Plaintiff's subsequent medical treatment by Defendant, from the date of the incident alleged in Plaintiff's Affidavit to the present, and which detail any injuries sustained by Plaintiff during said incident and the treatment thereof.
The Full Commission is not addressing whether the documents requested by Plaintiff which are not covered in the Deputy Commissioner's Order should be produced, as this is *Page 5 
Defendant's appeal and Plaintiff did not appeal from the Deputy Commissioner's failure to address production of the other documents requested.
It is further ORDERED that Defendant shall produce all of the above-ordered documents for Plaintiff's inspection within 30 days of the filing of this Order. This case is hereby referred to Chief Deputy Commissioner Wanda Blanche Taylor for referral to a Deputy Commissioner for hearing.
This the ___ day of June 2010.
 S/___________________ BERNADINE S. BALLANCE COMMISSIONER
CONCURRING:
S/___________________ PAMELA T. YOUNG CHAIR
S/___________________ DANNY LEE McDONALD COMMISSIONER *Page 1